UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFF BONOMO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-03394 SEP |
| | ) |
| THE BOEING COMPANY, | ) |
| | ) |
| Defendant. | ) |

**Memorandum and Order**

This matter is before the Court on Defendant's Motion to Compel (Doc. [19]) and Plaintiff's Motion to Compel (Doc. [23]). The Court held a teleconference on May 26, 2020, after which the parties submitting briefing. Docs. [19], [19-1], [23], [23-1], [26], and [27].

Defendant asks the Court to compel responses to its Interrogatory No. 12 and Request Nos. 30, 41, and 42. Doc. [19] ¶ 5. In short, Defendant argues that Plaintiff should provide information that would allow Defendant to conduct discovery on the issue of Plaintiff's emotional distress. A plaintiff alleging emotional distress "place[s] [his] medical condition at issue." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (affirming the district court when it compelled production of medical releases for any doctors, psychologists, psychiatrists, and counselors). Plaintiff objects because he suffered only "garden variety emotional distress." Doc. [21] at 2. The Eighth Circuit does not recognize this distinction. *See e.g.*, *Molina v. City of St. Louis*, 2020 WL 3489350, *2 (E.D. Mo. June 26, 2020) (citing *Schoffstall*, 223 F.3d at 823) (finding the plaintiff's mental health at issue for a claim of garden variety emotional distress).

1

For this reason, the Court will grant Defendant's Motion to Compel to the limits it offered in its Memorandum in Support.[1]  Doc. [19-1].

Plaintiff requests that the Court compel a response to its Request No. 3.  The parties disagree as to the proper limits of Request No. 3.  Plaintiff's one-paragraph argument in its Memorandum in Support includes no mandatory authority supporting Plaintiff's proposed limits.  Doc. [23-1].  Moreover, Plaintiff's reply offers no citation to any authority to undermine Defendant's Memorandum in Opposition.  Doc. [27].  Lastly, Plaintiff offers no evidence of Defendant's offer to produce documents from 2015 to the present.  Doc. [21-1].  For these reasons, the Court will grant Plaintiff's motion to compel responses to Request No. 3, *subject to the limits Defendant proposes* in its memorandum in opposition.  Doc. [26] at 2.

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel, Doc. [19], is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel, Doc. [23], is granted, subject to the limits proposed by Defendant in Defendant's Memorandum in Opposition, Doc. [26].

Dated this 23rd day of October, 2020.

_Sarah E. Pitlyk_
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] The Court understands Boeing's offer to reduce the time period to 2014 to the present to apply to Request Nos. 41 and 42, and Interrogatory No. 12.  Request No. 30 will be bounded by the stated time period of 2016 to present.

2